No. 18,953.

META TATHAM v. CHARLES R. STEETLE.
(358 P. [2d] 612)

Decided January 16, 1961.

Mr. JOHN R. WALL, for plaintiff in error.

Mr. RALPH H. COYTE, for defendant in error.

*In Department.*

PER CURIAM.

THE parties are here in the same order they appeared in the trial court and we so refer to them.

Ralph Tatham, a resident of Larimer County, Colorado, and husband of plaintiff, died intestate during the year 1945. At the time of his death he owned a ranch and personal property located in Larimer County and left as his only heirs at law, plaintiff and a daughter, Helen Moorehead.

Defendant, a brother-in-law of plaintiff, his wife and plaintiff being sisters, was appointed administrator of Ralph Tatham's estate.

On October 18, 1946, while defendant was acting as such administrator, plaintiff and the daughter Helen appointed him as their attorney in fact to operate the ranch. The estate was closed in 1948.

In 1949 the defendant, with the approval of the plaintiff and Helen, sold the ranch, livestock and machinery, and gave to Helen her distributive share. The share of plaintiff was, with the sanction and approval of plaintiff, invested in real estate loans on property located in Fort Collins.

The defendant, during the time that he was acting as administrator and also during the time he was acting as attorney in fact, each year gave to the plaintiff a report of his doings and prepared annual income tax returns for plaintiff which showed all of his dealings for the year, and all of which returns she signed.

In the month of May 1952, the plaintiff was adjudged to be an insane person by the County Court of Pueblo County. On June 11, 1952, The First National Bank in Fort Collins was appointed conservator of plaintiff's property by the County Court of Larimer County, whereupon the defendant delivered to said conservator all assets he then possessed belonging to the plaintiff.

On September 12, 1956, the County Court of Pueblo County, in proceedings had pursuant to C.R.S. '53, 71-1-19, found that the plaintiff had been restored to reason and entered its "Order of Restoration."

Shortly thereafter this action was brought by plaintiff to compel defendant to account to her for all property received by him and all profits realized therefrom during the period October 18, 1946, to June 11, 1952.

The trial court, after hearing lengthy testimony and not being fully satisfied with reference to a very few items, ordered an accounting to be made. Thereafter defendant, in compliance with said order, filed copies of bank ledger sheets, checks and drafts which purported to reflect all transactions had by defendant pursuant to his power of attorney. To this report or accounting plaintiff filed lengthy objections.

On a second hearing the court received in evidence the checks, drafts and ledger sheets offered by defendant. Plaintiff offered no evidence, but read into the record some fifteen pages of objections; whereupon the trial court dismissed plaintiff's complaint and found that the few items that the court had originally felt unsure of had been fully accounted for, and that the objections were without merit. From the judgment of dismissal defendant has prosecuted this writ of error.

The evidence before the trial court amply supports its finding that through the years from 1946 to 1952 the defendant met with the plaintiff periodically and explained to her all of the transactions occurring during the year as to her property handled by him under general power of attorney. The matters questioned in the plaintiff's objections were explained by the defendant in his testimony and in his account filed with the trial court after its first order.

The evidence is uncontradicted that the defendant and plaintiff and the lawyer who advised and assisted them during the years in question went over annual income tax returns which not only showed re-

ceipts and expenditures but also in certain years inventory gains or losses of livestock involved in the operation of plaintiff's ranch by defendant. These were periodic accounts made by defendant to plaintiff of his stewardship of her affairs and justify the conclusion that they were settled accounts between the parties for all matters therein set forth. *Mumm v. Adams,* 134 Colo. 493, 307 P. (2d) 797.

Also, documentary evidence introduced at the trial shows clearly that when plaintiff was adjudicated incompetent in 1952 the defendant accounted for and turned over to her conservator property having an inventory value of well over $30,000.00. This accounting of the principal remaining in defendant's hands under plaintiff's power of attorney was accepted by the conservator and remained unquestioned and unchallenged for over four years.

The evidence amply supports the findings and judgment of the trial court. The judgment is therefore affirmed.

MR. CHIEF JUSTICE HALL, MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.